**The UNITED STATES, Appellant,**

v.

**MORRIS FRIEDMAN & CO., Appellee.**

**Customs Appeal No. 75–12.**

United States Court of Customs and Patent Appeals.

Oct. 23, 1975.

Rex E. Lee, Asst. Atty. Gen., Andrew P. Vance, Chief Customs Section, Joseph I. Liebman, New York City, for the United States.

Allerton DeC. Tompkins, New York City, attorney of record, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Associate Judges.

LANE, Judge.

This is an appeal from the judgment of the United States Customs Court, 386 F.Supp. 522, 73 Cust.Ct. 112 (1974), holding that certain imported portable illuminating articles which use candles as an illuminant are classifiable as "lamps" under item 653.35, TSUS, rather than, as contended by appellant, illuminating articles and parts thereof of brass, under item 653.37, TSUS. We affirm.

## FACTS

The pertinent portions of the Tariff Schedules of the United States involved in this appeal, with rates in effect at the time of importation, read as follows:

Illuminating articles and parts thereof, of base metal:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Other·
653.35     Table, floor and other portable lamps for indoor illumination, of brass .... 9% ad val.

Other:
653.37     Of brass ............17% ad val.

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Articles not specially provided for of a type used for household, table, or kitchen use; * * * all the foregoing and parts thereof, of metal:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Articles,· wares, and parts, of base metal, not coated or plated with precious metal:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Of copper:
654.00     Of brass .......... .... 9% ad val.

The imported merchandise is characterized as brass illuminating articles such as candlesticks, candleholders, menorahs, lanterns, and sanctuary lamps. Each of these imported articles accepts a candle as an illuminant. Appellee alleges that the articles should have been classified by the Customs Service under item 653.-35, or alternatively under item 654.00. The articles were classified under item 653.37.

## OPINION BELOW

The Customs Court found that each of the imported articles in question used one or more candles for illumination. Since neither party alleged or proved the principle of commercial designation the court sought to ascertain the common meaning of the term "lamp." As part of this ascertainment the court consulted various authorities including encyclopedias and lexicographic authorities. The court also attempted to ascertain congressional intent by reviewing the legislative history of the provisions in the TSUS for illuminating articles. After a review of the authorities presented to it

and a review of the testimony of the witnesses called by the parties, the court concluded that the imported merchandise was properly considered to fit within the common meaning of the term "lamp" in item 653.35, TSUS.

## OPINION

Appellant agrees that each of the imported articles is an illuminating device with a candle as the illuminant, and that each of the articles in question is portable. The sole issue before us, then, is whether the Customs Court, after consideration of the relevant facts, erred in holding that the imported merchandise falls within the common meaning of the term "lamp" under item 653.35, TSUS.

Appellant contends that illuminating articles which use candles as a source of illumination do not come within the meaning of the term "lamp" in item 653.35; but, rather, that they fall under item 653.37, citing various lexicons and the testimony of its witness, an official of a company manufacturing candlesticks, chandeliers, fireplace equipment and other merchandise, as supportive. Appellant also contends that congressional intent was to exclude candleholding devices from item 653.35.

 We agree with the Customs Court that the common meaning of the term "lamp" would include candleholders within its purview. Each of the dictionary definitions in the record, including those supplied by appellant, broadly defines "lamp" as a device for furnishing artificial light, thereby including within this definition candleholding devices. Appellant's arguments that the common meaning of "lamp" would include articles which use electricity, oil, or gas as an illuminant, but not candles, lack merit. We agree with the view of the Customs Court that appellant's definition of a lamp is too restrictive. We see no logical reason why an article would be a lamp under the common meaning of the term when oil is used as an illuminant and not a lamp when the illuminant is a candle.

We have reviewed appellant's arguments regarding congressional intent and find no intent of Congress contrary to our finding that the common meaning of the term "lamp" would include candleholding devices.

Because we find no error in the decision of the Customs Court we have no need to consider any arguments drawn to appellee's alternative claim under item 654.00.

The judgment is *affirmed*.